IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTELL WAITE,                                    Civil Action

        Plaintiff,                              No.

    vs.

CHAMPION WINDOWS
MANUFACTURING, INC., d/b/a
CHAMPION WINDOWS OF PITTSBURGH

        Defendant.                              Jury Trial Demanded

## CIVIL COMPLAINT

Plaintiff Martell Waite, by undersigned counsel, files this civil complaint.

### I. Jurisdiction

1.      The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981 and  28 U.S.C §§1343(a)(3) and (a)(4) and 1331.

### II. The Parties

2.      Plaintiff, Martell Waite, is an African American who resides at 27 Verona Road, Pittsburgh, PA 15235.

3.      Defendant, Champion Windows Manufacturing, Inc. d/b/a Champion Windows of Pittsburgh is a corporation with its principal place of business in the Western District of Pennsylvania at 4700 Campbells Run Road, Pittsburgh, PA  15205.  At all times relevant Defendant was Waite's employer.

### III. Factual Background

4.      Waite worked for Defendant from August 2005 and was fired January 27, 2007

1

effective January 19, 2007.  Defendant hired Waite as a Helper.

5.      When Waite began his employment with Defendant, Defendant's employee, Dan Sabol, referred to Waite as "boy."  Defendant's supervisors were aware Sabol referred to Waite as "boy."

6.      In June 2006, Defendant promoted Waite to Lead Installer.

7.      In August 2006, Defendant's employee, Michael Duggins, said he was "the technician not the nigger."  Duggins said this in the presence of both Waite and Waite's supervisor, David Swartzwelder.

8.      When Waite confronted and complained to Swartzwelder about Duggins' use of the word, "nigger;" Swartzwelder replied, "I know you've heard that word before."

9.      In September 2006, Waite complained to Swartzwelder about being treated differently than similarly situated white Lead Installers.  Swartzwelder threatened to fire Waite unless he "backed-off."

10.     Thereafter, Waite informed his regional Human Resources Director of the "nigger" comment; how he was being treated differently than similarly-situated co-workers because of his race; and his intention to complain to Defendant's corporate office.  Respondent's Human Resources Director advised Waite not to mention race in his complaint to Defendant's corporate office.

11.     In September 2006, Waite sent a complaint/letter to Defendant's corporate office in Cincinnati.

12.     Waite was demoted from Lead Installer to Helper in December 2006.

13.     In December 2006, Waite sent a second complaint/letter to Defendant's corporate office in Cincinnati, in which Waite said Defendant treated him differently because of his color.

14. Defendant fired Waite on January 27, 2007, effective January 19, 2007, which was the last day Waite worked.

### Count I
### 42 U.S.C. §1981

15. Plaintiff incorporates by reference the allegations in Paragraph 1 to 14.

16. Defendant demoted and fired Waite because of his race.

17. Defendant also demoted and fired Waite in retaliation for complaining of racial discrimination.

18. Defendant's actions in demoting and firing Waite because of his race, and in retaliation for complaining of race discrimination, deprived Waite of the same right to make and enforce contracts as is enjoyed by white citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

19. Defendant's demotion and discharge of Waite was undertaken with reckless indifference to Plaintiff's federally protected right to make and enforce contracts irrespective of his race and/or his opposition to race discrimination.

20. As a direct and proximate result of Defendant's discriminatory and retaliatory treatment, Waite was demoted in December 2006, and fired from his job January 27, 2007 effective January 19, 2007 and suffered the following injuries.

      a. Great mental anguish and emotional strain;

      b. Loss of income and benefits; and

      c. Humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981

as follows:

   a.   That Defendant be permanently enjoined from discriminating against Waite or retaliating against Waite because of his race or because he opposed race discrimination;

   b.   That Defendant be ordered to re-employ Waite to the position occupied on January 19, 2007, together with all benefits incident thereto, including but not limited to wages, benefits, training and seniority;

   c.   That Defendant be required to compensate Waite for the full value of wages and benefits he would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Waite is offered re-employment into a position substantially equivalent to the one Waite occupied on January 19, 2007 ;

   d.   That Waite be awarded compensatory and punitive damages in an amount to be determined at trial;

   e.   That Waite be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

   f.   That Waite be awarded such further relief as this Court deems to be just and proper.

                           Respectfully submitted,

                           **Ogg, Cordes, Murphy & Ignelzi**

                           /S/ Samuel J. Cordes
                           Samuel J. Cordes
                           Tiffany R. Waskowicz

                           Pa. I.D. #54874 (Cordes)
                           Pa. I.D. #202933 (Waskowicz)

                           245 Fort Pitt Boulevard
                           Pittsburgh, PA  15222
                           (412) 471-8500

                           Attorneys for Plaintiff